**ORIGINAL**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

  Plaintiff,

-vs-

D-1 JOEL MILLINER, M.D.,

  Defendant.

_____/

No. 14-cr-20112

Hon. Gerald E. Rosen

**FILED MAR 25 2014 CLERK'S OFFICE U.S. DISTRICT COURT EASTERN MICHIGAN**

**Count One:** 21 U.S.C. §841(a)
Distribution of Controlled Substances

**Maximum Penalty:** Up to 20 years' imprisonment

**Maximum Fine:** $250,000

**Supervised Release:** at least 3 years

## RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant JOEL MILLINER, M.D., and the government agree as follows:

1. **GUILTY PLEA**

 A. **Count of Conviction**

Defendant will enter a plea of guilty to **Count One** of the Information, which charges Conspiracy to Distribute Controlled Substances in violation of 21 U.S.C. § § 841. The maximum penalty is up to 20 years' imprisonment and or up to $1,000,000 in fines.

B. **Elements of Offenses**

The elements of **Count One**, Possession with Intent to Distribute Controlled Substances, are:

1. The defendant dispensed prescriptions for controlled substances such as oxycodone and oxymorphone;

2. The defendant did so knowingly and intentionally; and

3. The defendant did so outside the scope of accepted medical practice in the United States and did not act in good faith.

C. **Factual Basis for Guilty Plea**

The following facts are a sufficient and accurate basis for defendant's guilty plea:

On or about July 16, 2011, in the Eastern District of Michigan, the defendant did distribute Schedule II controlled substance including approximately 6,190 dosage units of oxymorphone and approximately 19,535 dosage units of oxycodone. The defendant, a licensed physician, was aware that the controlled substances he prescribed were not medically necessary, and were going to be resold to others. The defendant prescribed the controlled substances outside the

scope of medical practice in the United States, and did not act in good faith is prescribing the controlled substances.

## 2. SENTENCING GUIDELINES

### A. Standard of Proof

The Court will find sentencing factors by a preponderance of the evidence.

### B. Agreed Guideline Range

There are no sentencing guideline disputes. Except as provided below, defendant's guideline range is **108-135 months** as set forth on attached worksheet D. If the Court finds:

a. that defendant's criminal history category is higher than reflected on the attached worksheets, or

b. that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a lack of acceptance of responsibility for his offense(s); or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than **108-135 months**, the higher guideline range becomes the range recommended by defendant and

government. However, if the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in attached worksheet D, this paragraph does *not* authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheet D, except as necessary to the Court's determination regarding subsections a) and b), above.

3. **SENTENCE**

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

A. **Imprisonment**

Except as provided in the next sentence, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range as determined by Paragraph 2B.

B.  **Supervised Release**

A term of supervised release follows the term of imprisonment. The Court **must** impose a term of supervised release on Count One of no less than **three years,** and up to life. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that results from any later revocation of supervised release.

C.  **Special Assessment**

Defendant will pay a special assessment of **$100** and must provide the government with a receipt for the payment before sentence is imposed.

D.  **Fine**

There is no agreement as to fines.

E.  **Restitution**

The parties agree that the court may order restitution to the victim(s) of the offense(s) of conviction. The court will determine who the victims are and their restitution amounts.

F.  **Forfeiture**

As part of this agreement, pursuant to 21 U.S.C. § 853 and 18 U.S.C. 982(a), defendant agrees to forfeit his interest in the following property:

1. Any property, real or personal, that constitutes or represents the proceeds of a constitutes a conspiracy to distribute controlled substances; and

2. Any property, real or personal, which facilitated the commission of the offense.

In entering into this agreement with respect to forfeiture, defendant expressly waives his right to have a jury determine the forfeitability of his interest in the above-described property as provided by Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure.

In entering into this agreement with respect to forfeiture, defendant knowingly, voluntarily, and intelligently waives any challenge to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

Defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of the above-described assets is part of the sentence that may be imposed

in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

4. **<u>Variance to Offense Level</u>**

Based on the proposed amendment to the drug sentencing guidelines that may become effective on November 1, 2014, the government agrees not to object to a two-level downward variance in this case. This two-level downward variance is reflected in the attached Worksheet E, Paragraph 10. The Court is not bound by the parties' agreed variance concerning the proposed amendment to the drug sentencing guidelines. If the Court decides to apply the two-level variance to the parties' agreed guideline range as reflected in Paragraph 2B, the defendant would be facing a sentencing range of **87-108 months**, if there are no other adjustments to the agreed guideline range as provided for under Paragraph 2B.

5. **<u>Waiver of 18 U.S.C. 3582(c)(2) Motion</u>**

The defendant waives any right he may have in the future to seek a sentence reduction under 18 U.S.C. § 3582(c)(2) based on the proposed amendment for a two-level reduction in the drug sentencing guidelines if the proposed reduction is adopted and made retroactive by the Sentencing Commission.

## 6. OTHER CHARGES

If the Court accepts this agreement, there will be no remaining charges pending in this case.

## 7. EACH PARTY'S RIGHT TO WITHDRAW FROM THIS AGREEMENT

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B.

Defendant may withdraw from this agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Part 3. This is the only reason for which defendant may withdraw from this agreement. The Court shall advise the defendant that if he does not withdraw his guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Part 3.

## 8. WAIVER OF APPEAL

Defendant waives any right he may have to appeal his conviction. If the sentence imposed does not exceed the maximum allowed by Part 3 of this agreement, defendant also waives any right he may have to appeal his sentence. If the sentence imposed is within the guidelines range determined by Paragraph 2B,

the government agrees not to appeal the sentence, but retains its right to appeal any sentence below that range.

## 9. CONSEQUENCES OF WITHDRAWAL OF GUILTY PLEA OR VACATION OF CONVICTION

If defendant is allowed to withdraw his guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty plea becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea or to any conduct reflected in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

## 10. PARTIES TO PLEA AGREEMENT

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

## 11. SCOPE OF PLEA AGREEMENT

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

12. **ACCEPTANCE OF AGREEMENT BY DEFENDANT**

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by **5:00 P.M. on February 17, 2014**. The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

BARBARA L. MCQUADE
United States Attorney

_____
WAYNE F. PRATT
CHIEF, HEALTH CARE FRAUD UNIT
ASSISTANT UNITED STATES ATTORNEY

_____
PHILIP A. ROSS
ASSISTANT UNITED STATES ATTORNEY

DATE:

BY SIGNING BELOW, DEFENDANT ACKNOWLEDGES THAT HE HAS READ (OR BEEN READ) THIS ENTIRE DOCUMENT, UNDERSTANDS IT, AND AGREES TO ITS TERMS. HE ALSO ACKNOWLEDGES THAT HE IS SATISFIED WITH HIS ATTORNEY'S ADVICE AND REPRESENTATION. DEFENDANT AGREES THAT HE HAS HAD A FULL AND COMPLETE OPPORTUNITY TO CONFER WITH HIS LAWYER, AND HAS HAD ALL OF HIS QUESTIONS ANSWERED BY HIS LAWYER.

_____
BARTON W. MORRIS, JR.
ATTORNEY FOR DEFENDANT

_____
JOEL MILLINER, M.D.
DEFENDANT

DATE: ~~Feb~~ March 24, 2014

| Defendant: | Joel Milliner, M.D. | Count: | 1 |
|---|---|---|---|
| Docket No.: | 14-20112 | Statute(s): | 21 USC 841(a) |

# WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

1. **BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)**

| Guideline Section | Description | Levels |
|---|---|---|
| § 2D1.1(a)(5) & (c)(3) | Distribution of Controlled Substances: Oxymorphone: 6,190 dosage units; Oxycodone: 19,535= 5,165,000 grams of marijuana | 34 |
| § 2D1.1(b)(16) & § 5C1.2(a) | Safety Valve | -2 |
| | | |
| | | |
| | | |

2. **ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)**

| Guideline Section | Description | Levels |
|---|---|---|
| § 3B1.1(3) | Abuse of Trust/Use of a Special Skill | 2 |
| | | |
| | | |
| | | |

A-1

| Defendant: | Joel Milliner, M.D. | Count: | 1 |
|---|---|---|---|
| Docket No.: | 14-20112 | Statute(s): | 21 USC 841(a) |

## 3. ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.  **34**

* * * * * * * *

*If this is the only Worksheet A, check this box and skip Worksheet B.*  **X**

*If the defendant has no criminal history, check this box and skip Worksheet C.*  **X**

A-2

| Defendant: | Joel Milliner, M.D. | Count: | 1 |
|---|---|---|---|
| Docket No.: | 14-20112 | Statute(s): | 21 USC 841(a) |

# WORKSHEET D (Guideline Range)

1. **(COMBINED) ADJUSTED OFFENSE LEVEL**
   Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in item 8 of Worksheet B.

   **34**

2. **ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY (U.S.S.G. § 3E1.1)**

   **-3**

3. **TOTAL OFFENSE LEVEL**

   Enter the difference between Items 1 and 2.

   **31**

4. **CRIMINAL HISTORY CATEGORY**

   Enter "I" if the defendant has no criminal history. Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

   **I**

5. **CAREER OFFENDER/CRIMINAL LIVELIHOOD/ARMED CAREER CRIMINAL/DANGEROUS SEX OFFENDER (U.S.S.G. CH. 4, PT. B)**

   a. <u>Total Offense Level:</u> If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.

   b. <u>Criminal History Category:</u> If the career offender provision (U.S.S.G. § 4B1.1), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

6. **GUIDELINE RANGE FROM SENTENCING TABLE (U.S.S.G. CH. 5, PT. A)**
   Enter the guideline range in the Sentencing Table (*see* U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

   **108-135 months**

D-1

| Defendant: | Joel Milliner, M.D. | Count: | 1 |
|---|---|---|---|
| Docket No.: | 14-20112 | Statute(s): | 21 USC 841(a) |

7. **STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**
If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute. (*See* U.S.S.G. § 5G1.1.) If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.

☐ months

| Defendant: | Joel Milliner, M.D. | Count: | 1 |
|---|---|---|---|
| Docket No.: | 14-20112 | Statute(s): | 21 USC 841(a) |

# WORKSHEET E (Authorized Guideline Sentences)

1. **PROBATION**
   a. <u>Imposition of a Term of Probation</u> (U.S.S.G. § 5B1.1)

   [X] 1. Probation is not authorized by the guidelines (minimum of guideline range ≥ 10 months or statute of conviction is a Class A or a Class B felony). If this box is checked, go to Item 2 (Split Sentence).

   [ ] 2. Probation is authorized by the guidelines (minimum of guideline range = zero months).

   [ ] 3. Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 9 months).

   b. <u>Length of Term of Probation</u> (U.S.S.G. § 5B1.2)

   [ ] 1. At least 1 year but not more than 5 years (total offense level ≥ 6)

   [ ] 2. No more than 3 years (total offense level < 6).

   c. Conditions of Probation (U.S.S.G. § 5B1.3)

2. **SPLIT SENTENCE (U.S.S.G. § 5C1.1(C)(2), (D)(2))**

   [X] a. A split sentence is not authorized (minimum of guideline range = 0 months or ≥ 15 months).

   [X] b. A split sentence is authorized (minimum of guideline range > 0 months but ≤ 12 months). The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 10 or 12 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, 6, 8, or 9 months). The authorized length of the term of supervised release is set forth below in Item 4.b.

3. **IMPRISONMENT (U.S.S.G. CH. 5, PT. C)**

   A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D). (*See* U.S.S.G. § 5C1.1.)

E-1

| Defendant: | Joel Milliner, M.D. | Count: | 1 |
|---|---|---|---|
| Docket No.: | 14-20112 | Statute(s): | 21 USC 841(a) |

4. **SUPERVISED RELEASE (U.S.S.G. ch 5., pt. D)**

    a.   Imposition of a Term of Supervised Release (U.S.S.G. § 5D1.1)
The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute. The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

    b.   Length of Term of Supervised Release (U.S.S.G. § 5D1.2)

☐   1.  At least 2 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

☐   2.  At least 1 year but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

☐   3.  1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

☒   4.  The statute of conviction requires a minimum term of supervised release of ___3___ years.

    c.   Conditions of Supervised Release (U.S.S.G. § 5D1.3)
The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

5. **RESTITUTION (U.S.S.G. § 5E1.1)**

☐   1.  The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664.) The court will determine who the victims are and their restitution amounts.

☐   2.  The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664) The parties agree that full restitution is $_____ .

| Defendant: | Joel Milliner, M.D. | Count: | 1 |
|---|---|---|---|
| Docket No.: | 14-20112 | Statute(s): | 21 USC 841(a) |

[X] 3. The parties agree that the court *may* order restitution to the victim(s) of the offense(s) of conviction. The court will determine who the victims are and their restitution amounts. *See* 18 U.S.C. §§ 3663(a)(3), 3664.)

[ ] 4. The parties agree that the court *may also* order restitution to persons other than the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3), 3664.)

[ ] 5. Restitution is not applicable.

6. **FINE (U.S.S.G. § 5E1.2)**

   a. <u>Fines for Individual Defendants</u>

   The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).) Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).) However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

   b. <u>Fine Range from Fine Table (U.S.S.G. § 5E1.2(c)(3))</u>

   | **Minimum Fine** | **Maximum Fine** |
   |---|---|
   | $17,500 | $175,000 |

| Defendant: | Joel Milliner, M.D. | Count: | 1 |
|---|---|---|---|
| Docket No.: | 14-20112 | Statute(s): | 21 USC 841(a) |

7. **SPECIAL ASSESSMENT(S) (U.S.S.G. § 5E1.3)**
   The court must impose a special assessment on every count of conviction. The special assessments for individual defendants are:

   - $100.00 for every count charging a felony ($400 for a corporation),
   - $25.00 for every count charging a Class A misdemeanor ($125 for a corporation),
   - $10.00 for every count charging a Class B misdemeanor ($50 for a corporation), and
   - $5.00 for every count charging a Class C misdemeanor or an infraction ($25 for a corporation).

   The defendant must pay a special assessment or special assessments in the total amount of $100           .

8. **FORFEITURE (U.S.S.G. § 5E1.4)**

   [ ] Assets of the defendant will be forfeited.   [X] Assets of the defendant will not be forfeited.

9. **ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES**
   List any additional applicable guideline, policy statement, or statute.

   _____
   _____
   _____

10. **UPWARD OR DOWNWARD DEPARTURE (U.S.S.G. ch. 5, pts. H & K)**
    List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

    March 12, 2014, DOJ directive in drug cases: Resulting Guidelines 87-108 months
    _____
    _____

E-4