UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

-vs-

D-1   JOEL MILLINER, M.D.,

        Defendant.

_____/

No. 14-cr-20112

Hon. Gerald E. Rosen

**Count One:** 21 U.S.C. §841(a) Distribution of Controlled Substances

**Maximum Penalty:** Up to 20 years' imprisonment

**Maximum Fine:** $250,000

**Supervised Release:** at least 3 years

## SENTENCING MEMORANDUM

The United States by and through undersigned counsel respectfully submits this sentencing memorandum pertaining to defendant Joel Milliner. For the reasons stated below, the United States respectfully requests that the court impose a sentence within the guidelines range of 87-108 months.[1]

**I.   This Court should consider the parties' agreed upon guidelines range.**

The Supreme Court has noted that, in formulating the Sentencing Guidelines, the U.S. Sentencing Commission's goal is to carry out the objectives of

---

[1] The guidelines range of 87-108 months' imprisonment reflects the parties Rule 11 Plea Agreement combined with the United States Sentencing Guidelines of November 1, 2014, pertaining to controlled substances.

18 U.S.C. § 3553(a). *United States v. Rita*, 551 U.S. 338 (2007). While advisory, the Guidelines remain an important factor in fashioning a just sentence. This is because "it is fair to assume that the Guidelines, insofar as practicable, reflect a rough approximation of sentences that might achieve section 3553(a)'s objectives." *Id.* at 350. A 2014 amendment to the United States Sentencing Guidelines reduced the applicable guidelines range by 2 levels to 87-108 months' imprisonment.

## II. The Nature and Characteristics of the Offense

Congress imposed a twenty year statutory maximum for the criminal offense to which the defendant pleaded guilty which illustrates the seriousness of this offense. Consensually recorded surveillance demonstrates that the defendant was aware that he was prescribing medically unnecessary controlled substances to drug-seeking patients. During one encounter, the defendant was heard discussing with patient the amount of opiate-based narcotics he had prescribed in the past, compared to what he would prescribe on that day, and made statements including, but not limited to, he prescribed increased quantities of narcotics "only for a special occasion" and "I did at Christmas." Additionally he stated "I have to be careful of that." The defendant's own statements leave no doubt that he was fully aware that his conduct violated the law, but he was willing to enrich himself by prescribing

powerful prescription pain-killers. The defendant was not destitute when dealt drugs. He was employed by the Michigan Department of Corrections. The defendant does not dispute that he was responsible for prescribing approximately 6,700 Oxymorphone pills and 29,000, which were medically unnecessary. He knew the individuals seeking these powerful painkillers were doing so to sale to others.

### III. The Sentence Imposed Should Deter Other Physicians From Violating the Privilege of Prescribing Controlled Substances

The government submits than any prison sentence and the likely revocation of his medical license will specifically deter this defendant from committing future crimes. General deterance, however, is another matter.

The Michigan Department of Community Health estimates that overdoses from prescription drug abuse claimed 941 lives in Michigan in 2012 alone and more than 8,896 lives since 2000[2]. In 2012, of the 41,502 drug overdose deaths in the United States, 22,114 (53%) were related to pharmaceuticals. Of the 22,114 deaths relating to pharmaceutical overdose in 2012, 16,007 (72%) involved opioid analgesics (also called opioid pain relievers or prescription painkillers), and 6,524

---

[2] http://www.michigan.gov/mdch/0,4612,7-132-2941_4871_29888_48562_69044_69052-333372--,00.html

(30%) involved benzodiazepines. (Some deaths include more than one type of drug.) [3]

Prescription drug abuse, which often serves as a gateway to heroin use, is fed by unscrupulous physicians like Milliner who prescribed both opioid and benzodiazepines to drug seeking individuals.  A guidelines sentence would send a message to other medical providers that there are serious consequences for engaging in such outrageous conduct.  Detroit and Southeast Michigan serve as a source for illicitly-obtained prescription drugs that are distributed across the county, which makes the need to provide general deterrence more pronounced.  This prescription-drug abuse feeds a variety of crimes, costs communities, and wrecks lives, and the costs are staggering.

---

[3]http://www.cdc.gov/homeandrecreationalsafety/overdose/facts.html

## IV. Conclusion

The government respectfully submits that a sentence within the guidelines 87-108 months' imprisonment would be sufficient but not greater than necessary to achieve the aims of the Sentencing Reform Act.

                                         Respectfully submitted,

                                         Barbara L. McQuade
                                       United States Attorney

                                         s/Philip A. Ross
                                       Assistant U.S. Attorney
                                       211 West Fort Street, Suite 2001
                                       Detroit, Michigan 48226
                                       (313) 226-9790
                                       Philip.Ross@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served upon defense counsel via ECF on December 5, 2014.

s/Philip A. Ross<br>
Assistant U.S. Attorney<br>
211 West Fort Street, Suite 2001<br>
Detroit, Michigan 48226<br>
(313) 226-9790<br>
Philip.Ross@usdoj.gov